UNITED STATES OF AMERICA,    )
    )
    Vs.    )    1:25CR00396-1
    )
MICHAEL ZECHARIAH TEDDER    )

## SENTENCING MEMORANDUM

### Introduction and Outline

NOW COMES Michael Zechariah Tedder, through counsel, and respectfully requests that the Court, considering the relevant factors set forth in 18 USC 3553(a), impose a sentence in this matter at the low end of the guideline range prescribed by the United States Sentencing Guidelines.

Arguments for the Court regarding sentencing are couched most notably in the following:

- 18 USC 3553(a)(1), with specific focus on Mr. Tedder's mental health struggles;

- 18 USC 3553(a)(2), with emphasis on correctional treatment as a manner by which to achieve public protection, as well as the deterrent effect of the last several months spent in county detention facilities;

- 18 USC 3553(a)(3), with particular focus on the need for supervision.

### Argument

This case is at once both very simple and very complicated. The facts are straightforward: Mr. Tedder made several phone calls to educational institutions in which he made abhorrent, threatening, and offensive statements during a particularly fraught time in our current cultural and political climate. What lies beneath is more difficult to navigate: what led

Mr. Tedder to this point and how to address it in a meaningful way to guide Mr. Tedder in a different direction – for himself and for the rest of us.

As is set forth in admirable detail in the Presentence Investigation Report (PSR) – particularly in paragraphs 46-54 and 57-62 – and in Dr. Samuel Gray's Psychological Evaluation (attached as Exhibit A), Mr. Tedder has long struggled with his mental health.  It is apparent that, though Mr. Tedder has enjoyed support from his mother throughout his life, his treatment providers have been unable to fully and accurately diagnose him – likely due to his young age and the complicated nature of his conditions.  As a result, it is fair to posit that Mr. Tedder has never had the benefit of accurately tailored mental health treatment to address his particular unique concerns.  Counsel would respectfully urge, in order to fully consider 18 USC 3553(a)(1), that the Court fashion a sentence that allows for further diagnosis and treatment sooner rather than delaying those measures to follow a lengthy prison sentence.  As recommended by Dr. Gray in his report, Mr. Tedder needs intensive treatment, and counsel would ask that the Court fashion a sentence that would allow for such treatment as soon as possible.

Despite his youth and mental health challenges, Mr. Tedder is aware of the grave nature of the charges that bring him before the Court.  He has readily acknowledged his wrongdoing and has been debriefed voluntarily by law enforcement during the pendency of this matter.  In considering the factors set forth in 18 USC 3553(a)(2), counsel would urge that, for a teenager without prior history of incarceration, spending the last nearly nine months in a county jail with adults awaiting trial on all manner of offenses will have significant individual deterrent effect, while also reinforcing the gravity of the offense and providing a significant modicum of punishment.  Further, the public protection and training components of that subsection would be

best and most lastingly served by the intensive treatment regimen recommended by Dr. Gray, as opposed to some number of additional months or years in custody awaiting that treatment.

Mr. Tedder has applied for Medicaid in order to facilitate treatment while in custody, and has engaged Carolina Psychology to assist in locating potential treatment options. While he has been approved for Medicaid, the benefits are suspended until his eventual release from custody (see Exhibit B). Even then, his age (a teenager, but still legally an adult) limits his options significantly with respect to coverage for long-term inpatient mental health treatment. M.C. Grant, a clinician with Carolina Psychology, has worked diligently in an attempt to locate covered treatment that would be appropriate to Mr. Tedder's needs and has fashioned the letter attached as Exhibit B to outline a potential path of treatment given the limitations inherent to Mr. Tedder's situation. Counsel is hopeful that a solution combining those recommendations and resources available through probation could serve Mr. Tedder in his efforts toward accurate diagnosis and effective treatment.

The Court has wide latitude in its sentencing options. Mr. Tedder's advisory guideline range is 10-16 months of imprisonment. The PSR recommends an upward variance to 24 months, and 18 USC 875(c) has a ceiling of 5 years with no corresponding mandatory minimum. Counsel would respectfully urge the Court to impose a sentence that focuses on the need for treatment to bring about a more sustainable path forward for Mr. Tedder – specifically a sentence at the low end of the guideline range that would allow for treatment efforts to begin in earnest as soon as possible, rather than risking delay or worsening of conditions over some additional number of days, weeks, months, or even years in custody. Mr. Tedder will have to find his way in the world sooner or later, and both Mr. Tedder and the world will be better off having him treated in a meaningful way as soon as possible.

This the 3rd  day of June, 2026.

BELL DAVIS & PITT, P.A.
Attorneys for the Defendant


By: /s/  Jones P. Byrd, Jr.
    Jones P. Byrd, Jr.
    100 North Cherry Street
    Suite 600
    Winston-Salem, NC 27101
    336-714-4160
    jbyrd@belldavispitt.com

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,   )
              )
  Vs.        )   1:25CR00396-1
              )   CERTIFICATE OF SERVICE
MICHAEL ZECHARIAH TEDDER   )

The undersigned hereby certifies that he is an attorney at law licensed to practice in the

State of North Carolina, is attorney for the defendant and is a person of such age and discretion

as to be competent to serve process.

That on the 3rd day of June, 2026, he served a copy of **SENTENCING**

**MEMORANDUM** by electronically filing the foregoing with the Clerk of Court using the

CM/ECF system, which will send notification of such filling to the following:

ADDRESSEE:  Eric L. Iverson
      Assistant US Attorney
      eric.iverson@usdoj.gob

      Shannon Gerard
      United States Probation
      shannon_gerard@ncmp.uscourts.gov

       BELL DAVIS & PITT, P.A.
       Attorneys for the Defendant


     By: /s/ Jones P. Byrd, Jr.
       Jones P. Byrd, Jr.
       100 North Cherry Street
       Suite 600
       Winston-Salem, NC 27101
       336-714-4160
       jbyrd@belldavispitt.com